**In the Matter of: POS SYSTEMS, INC., Debtor.**

**Anthony H. Mason, Trustee—Appellant,**

**v.**

**Mirpad, LLC; Douglas Allred; Dave Allred; Douglas Allred Co., Appellees.**

**No. 04–15206.**
**D.C. Nos. CV–03–00933–FJM (Lead: 00–842).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Nov. 18, 2005.

Steven J. Brown, Steven D. Nemecek, Steve Brown & Associates, Phoenix, AZ, for Trustee–Appellant.

Mike Walker, Mark C. Hudson, Schian Walker P.C., Dean J. Formanek, Ariel I. Worth, Warner Angle Hallam Jackson & Formanek PLC, Phoenix, AZ, for Appellees.

Before NOONAN, RYMER, and GOULD, Circuit Judges.

## MEMORANDUM *

Anthony Mason, the trustee for the estate of POS Systems Co., appeals the district court's decision affirming the bankruptcy court's judgment in an adversarial action he brought against Mirpad LLC, Douglas Allred, Dave Allred and Douglas Allred Co. (collectively, "Mirpad"). We affirm.

Assuming, without deciding, that *Foundation Development Corp. v. Loehmann's Inc.*, 788 P.2d 1189, 163 Ariz. 438 (Ariz. 1990), applies, POS's breach was material. While POS had been a long-term tenant with a no-default record, and forfeiture is undoubtedly a harsh result, POS told Mirpad in April 2000 that it had cash-flow problems and could not pay the April rent; it did not pay the rent by its customary due date; it was given the contractually-prescribed notice of default; it did not offer to provide a definite date or plan for payment of the rent due and arrearage; the financials it provided showed $427,000 in aged payables as of April 10 with $169,000 over 90 days past due; and it manifested no intent to pay until after the lock-out, even though, as it turns out, it had money on hand to do so. In these circumstances, we cannot say that POS's breach was trivial. This being the case, it

follows that none of Mason's remaining claims has merit.

While we recognize our discretion to award attorney's fees, we decline to do so.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.